State ex rel. Smith vs. Board of Supervisors and Town Clerk of Leon.

THE STATE EX REL. SMITH, Appellant, vs. THE BOARD OF SUPERVISORS AND TOWN CLERK OF THE TOWN OF LEON, Respondents.

*March 5 — March 22, 1887.*

*Ditches and drains: Preservation of highways: Appointment of appraisers: Claim for damages.*

1. The supervisors have no power to appoint appraisers under sec. 1237, R. S., except upon application by the owner or occupant of the land entered upon or used.
2. A claim for damages filed by such owner or occupant with the town clerk in order that it might be laid before the board of audit, cannot be construed as an application for the appointment of appraisers.

APPEAL from the Circuit Court for *Monroe* County.

Upon the petition of the relator an alternative writ of *mandamus* was issued, commanding the defendants to appoint electors, under sec. 1237, R. S., to appraise the damages done upon his lands by the construction of a ditch for the preservation of a highway. The circuit court overruled a motion to quash the alternative writ, and, on appeal, its order was affirmed. See 66 Wis. 199. The defendants then made return to the writ to the effect that appraisers had already been appointed and acted, and that the amount of the damages allowed by them had been audited by the town board and tendered to the relator. Upon the trial of the issue the court found the facts to be as stated in

the return, and that the relator was therefore not entitled to a peremptory writ. From the judgment entered accordingly this appeal is taken.

For the appellant there was a brief by *Morrow & Masters*, and oral argument by *Mr. Morrow*.

For the respondents there was a brief by *Dickinson & Graham*, and oral argument by *Mr. Dickinson*.

COLE, C. J. In the return to the alternative writ, the supervisors allege and state that, on due application made by the relator therefor, appraisers were appointed to appraise the damages sustained by the relator by reason of digging the ditch in question, and that such appraisers, in pursuance of their appointment, assessed the damages, and the amount was subsequently audited, and the sum tendered to the relator, which he refused to accept. If the evidence sustains this return, a good and sufficient excuse is shown for not awarding a peremptory writ to appoint other appraisers. On the trial of the issue joined on the return, the circuit court found that an appointment of appraisers had been made, and damages assessed, as set forth in the return. The question to be determined is whether the evidence sustains this finding.

The statute under which this proceeding is taken provides, in effect, that if any owner of land which is entered upon for the purpose of constructing a ditch for the preservation of a highway, shall feel himself aggrieved, " he may apply to the supervisors of the town, who shall appoint three disinterested electors of such town to appraise the damages." Sec. 1237, R. S. This application is jurisdictional, and without it the supervisors have no power to act in the premises. Was such an application made in this case?

It is insisted that the paper writing appearing in evidence, signed by the relator, dated March 11, 1882, is such an application, and fully justified the action of the board upon

State ex rel. Smith vs. Board of Supervisors and Town Clerk of Leon.

it.[1]  That is a statement of the claim of the relator for the damages, which he made to be filed with the town clerk in order that it might be laid before the board of audit.  It was plainly not intended to be an application for the appointment of appraisers, and should not be so regarded. It was the regular and proper way of getting the claim before the board of audit to be examined, and of ultimately bringing it before the town meeting for adjustment, pursuant to secs. 821, 822, 824, R. S.  On referring to these provisions, it will be seen that it was the duty of the board of audit to examine into the character and circumstances of any claim against the town which they were not authorized to audit, and to report upon the same to the next ensuing town meeting.  The qualified electors at the town meeting have ample authority to compromise and settle any controversy existing against the town, and to provide the means for its payment.  Subd. 5, sec. 776.  The claim as presented was

---

[1] The claim filed by the relator with the town clerk, and the endorsement thereon by such clerk, are as follows:

"*The Town of Leon, Monroe County, Wisconsin, to Robert Smith, Dr.*

"To damage sustained by reason of a ditch or trench dug and made by order or direction of the board of supervisors of said town, across lands owned by A. F. Smith, in said town, thereby turning the stream or water of the Little La Crosse river from its natural and usual channel and course, in such manner as to wash upon and otherwise damage the lands of said *Robert Smith,* and to injure and destroy his property, real and personal, by reason of such ditch or trench and the flow of water occasioned thereby; and that said *Robert Smith* has and will sustain damage thereby and therefrom, in the sum of one thousand five hundred dollars ($1,500).  That the lands upon which said ditch or trench are upon is on section eleven (11), in said town of Leon, and said *Robert Smith's* land is on sections 9, 10 and 11 in said town.

"And this statement of claim is made to be filed with the town clerk of said town to be laid before the board of audit.

"Dated March 11th, 1882.                    ROBERT SMITH.

"Received and filed this 11th day of March, at 6:15 P. M., 1882.
                                                    "M. D. L. MOORE.

"$1,500.   Not allowed."

for $1,500, which was marked "not allowed." It does not appear that the board ever made any report upon this claim to any town meeting; but the paper was acted upon as though it amounted to an application for the appointment of appraisers under the statute. It is difficult to understand how such an interpretation could have been placed upon the writing; for there is not an intimation or word in it that the relator desired the supervisors to appoint appraisers to assess damages. And while, as Mr. Fox says, the supervisors took the writing as the basis for the appointment of appraisers, yet this was wholly unwarranted by the obvious meaning and object of the writing itself.

The validity of the action of the appraisers depended, of course, upon their proper appointment; and the supervisors had no power to appoint except upon an application therefor by the aggrieved party. If the supervisors acted without such application, the proceeding would have no validity and would bind no one. It follows from these views that the judgment of the circuit court must be reversed, and the cause remanded with directions to award the peremptory writ.

*By the Court.*— It is so ordered.